The Honorable Sean Burrage State Senator, District 2 State Capitol, Room 529-B Oklahoma City, Oklahoma 73105
Dear Senator Burrage:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 In a meeting in 1975, the J.M. Davis Memorial Commission established a practice that "any donation of guns or artifacts to the J.M. Davis Gun Museum be accepted only on the basis of becoming a part of the original J.M. Davis Collection of artifacts." Assuming that these gifts were made to the Commission to be housed in the J.M. Davis Museum owned and operated by the Commission, and not to the J.M. Davis Foundation, Inc., is this practice lawful?
 If so, can the Commission, pursuant to an agreement with the J.M. Davis Foundation, Inc., dispose of the donated items as well as items in the original collection, consistent with the lease and the Commission's statutory duties, assuming a good reason to do so, such as duplication, hazardous materials, etc.?
In 1965, the Legislature established the J.M. Davis Memorial Commission ("Commission") to house, preserve, and display the J.M. Davis Gun Collection ("Collection") and other historical artifacts.[1] The Collection is owned by the J.M. Davis Foundation, Inc. ("Foundation"), which leased the Collection to the State for one dollar on April 25, 1967, for a period of 99 years.[2] Pursuant to *Page 
2 statute and the terms of the lease, the Commission established and now operates the J.M. Davis Arms and Historical Museum ("Musuem") in Claremore, Oklahoma, as the site for the display of the Collection.[3]Since that time the Museum has received bequests and other donations of additional guns and artifacts. Items donated to the Museum are in effect a donation to the Commission, as the Museum is simply a function of the Commission. It is not a separate entity independent of the Commission. In 1975, the Commission decided that any donation to the Museum would be accepted only on the basis that such items would become a part of the original Collection.[4]
 I. THE COMMISSION MAY ACCEPT DONATIONS TO THE MUSEUM FOR THE BENEFIT OF THE COLLECTION, BUT MAY NOT CONVEY THE DONATED ITEMS TO THE COLLECTION OWNED BY THE FOUNDATION FOR NO CONSIDERATION.
Your first question involves two issues: whether the Commission may accept donations of guns or artifacts for the Museum, and whether the Commission may transfer the donated items to the Collection owned by the Foundation. The answer requires an examination of the statutory powers and duties granted to the Commission.
The Commission is primarily charged with housing, preserving, protecting, and displaying the Collection and other historical artifacts. 53 O.S. 2001 Supp.2007, §§ 201B(3), 201C(A)(3). To carry out those duties, the Commission may:
 1. Acquire and hold . . . personal property in the name of the Commission;
 2. Act in cooperation and enter into contracts and agreements with the J.M. Davis Foundation, Inc.;
 3. Furnish suitable quarters to house, display and preserve the J.M. Davis Collection and other historical artifacts;
 . . . . *Page 3 
 5. Accept gifts, grants, and donations from . . . any individual, person, firm, corporation or foundation for the use and purpose of building, constructing, operating, maintaining, preserving or displaying the J.M. Davis Gun Collection and other historical artifacts.
Id. § 201B.
Generally, the Governor of the State of Oklahoma, on behalf of the State, must accept gifts to a state entity, unless the entity is specifically statutorily authorized to directly accept gifts. 60 O.S. 2001, § 383[60-383]. Section 201B(5) of Title 53 expressly gives the Commission the necessary authorization. The language "[a]cquire and hold . . . personal property in the name of the Commission" in subsection one of Section 201B(1) read together with subsection 201B(3) and (5) allows the Commission to accept and display donated artifacts that are not a part of the original collection owned by the Foundation. See also A.G. Opin. 76-171, at 113-14.[5]
The Commission is not expressly empowered to establish a practice for the disposition of donated items. However, the Oklahoma Supreme Court has recognized that an agency has implied powers "as are necessary for the due and efficient exercise of the powers expressly granted, or such as may be fairly implied from the statute granting the express powers."Marley v. Cannon, 618 P.2d 401, 405 (Okla. 1980). It may be fairly implied that if the Commission is empowered to accept gifts, the Commission may determine a method for administering such donations of guns and other artifacts.
Your question assumes that the gifts at issue are made to the Commission, not the Foundation. Based on that assumption, the donated items are the property of the State of Oklahoma. The use of the *Page 4 
phrase "only on the basis of becoming a part of the original J.M. DavisCollection"[6] in the Commission's meeting minutes implies that donated items accepted by the Commission are immediately transferred to the Collection. The Collection is owned by the Foundation, a private organization. The practice established at the meeting in effect conveys State property to a private organization without any consideration. Such a conveyance constitutes an impermissible gift,[7] in violation of Article X, Section 15 of the Oklahoma Constitution. Section 15 in pertinent part provides:
 A. Except as provided by this section, the credit of the State shall not be given, pledged, or loaned to any individual, company, corporation, or association, . . . nor shall the State . . . make donation by gift . . . or otherwise, to any company, association, or corporation.
Id.
Section 201D, which creates the J.M. Davis Memorial Commission Revolving Fund, provides that the fund shall consist of "receipt of gifts and devises for the benefit of the fund or for the benefit of the J.M. DavisGun Collection." Id § 201D(A) (emphasis added). This provision allows the Commission to use donated items for the benefit of the Collection, but the term "benefit" is not broad enough to encompass transferring ownership of the items to the Collection owned by the Foundation.
The primary purpose of the Commission is to house, display and preserve the Collection of guns and historical artifacts it leases from the Foundation. The Commission may also accept and display donated items that are not a part of the Collection. The Commission is statutorily authorized to accept donated items, which may be used for the benefit of the Collection. However, the Commission violates the Oklahoma Constitution when it attempts to benefit the Collection by conveying items donated to the Commission to the Foundation, a private organization, for no consideration.
 II. ITEMS DONATED TO THE COMMISSION ARE PROPERTY OF THE STATE OF OKLAHOMA AND MAY BE DISPOSED OF PURSUANT TO *Page 5 THE OKLAHOMA SURPLUS PROPERTY ACT. THE COMMISSION MAY DISPOSE OF ITEMS IN THE COLLECTION PURSUANT TO THE TERMS OF THE LEASE AGREEMENT.
You next ask whether the Commission may dispose of donated items and Collection items that the Commission no longer wants because of duplication or other reasons. The question presumes that the Commission's practice of transferring items donated to the Museum to the Foundation without consideration is lawful. Although this Opinion has determined that the practice is unlawful, an answer to the question is still useful.
Donated items that the Commission owns and no longer wants because of duplication or other reasons are considered surplus property. 74 O.S. Supp.2007, § 62.2(2).[8] In the absence of any specific statutes governing the Commission that provides for disposal of the items, their disposal is governed by the Oklahoma Surplus Property Act. 74 O.S. 2001 Supp.2007, §§ 62.1 — 62.9. "A state agency selling, trading, redistributing or otherwise disposing of surplus property shall comply with the rules promulgated by the Director [of the Department of Central Services]." Id. § 62.3(B). The Commission must follow the rules promulgated by the Department of Central Services to dispose of donated items it no longer wants to display in the Museum. See OAC 580:65-1-1
— 65-9-2.
The statutes governing the Commission do not provide for any methods of disposal of Collection items owned by the Foundation. See 53 O.S. 2001 Supp.2007, §§ 201A — 201F. Those items are governed by the terms of the lease agreement with the Foundation. See Ninety-Nine Year Lease Agreement. Paragraph five of the lease agreement allows the Commission to sell or assign any part of the Collection upon written consent of the Foundation.[9] A previous Attorney General Opinion provided that the Commission may also lease, trade or exchange items in the Collection. A.G. Opin. 76-171, at 113-14.[10] The lease agreement neither expressly allows nor prohibits discarding or destroying items in the Collection. See Ninety-Nine Year Lease Agreement. However, it may be fairly implied that the Commission could take such actions upon written consent of the Foundation.
Items donated to the Commission for display in the J.M. Davis Arms and Historical Museum are State property, and must be disposed of by the procedures established in the Oklahoma Surplus Property Act and relevant administrative rules. The Commission may dispose of Collection items pursuant to the terms of the lease agreement, which requires written consent of the Foundation.
It is, therefore, the official Opinion of the Attorney Generalthat:
 1, The Commission's practice that "any donation of guns or artifacts to the J.M. Davis Gun Museum be accepted only on the basis of becoming a part of the original J.M. Davis Collection of artifacts" is unlawful. The practice constitutes an impermissible gift in violation of Article X, Section 15 of the Oklahoma Constitution.
 2. Donated items the Commission owns and no longer wants are surplus property that must be disposed of pursuant to the provisions of the Oklahoma Surplus Property Act, 74 O.S. Supp.2007, §§ 62.1 — 62.9, and the administrative rules promulgated thereto at OAC 580:65-1-1 — 65-9-2.
 3. The Commission may dispose of items in the original J.M. Davis Gun Collection owned by the J.M. Davis Foundation, Inc. and leased to the State of Oklahoma, upon written consent of the Foundation pursuant to the terms of the Ninety-Nine Year Lease Agreement. See Ninety-Nine Year Lease Agreement, J.M. Davis Found. J.M. Davis Mem'l Comm'n, Apr. 25, 1967.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
SANDRA BALZER ASSISTANT ATTORNEY GENERAL
[1] See 1965 Okla. Sess. Laws ch. 505.
[2] See Ninety-Nine Year Lease Agreement, J.M. Davis Found. J.M. Davis Mem'l Comm'n, Apr. 25, 1967 [hereinafter Ninety-Nine Year Lease Agreement].
[3] See id. n. 2; 53 O.S. 2001, § 201B[53-201B](5).
[4] "Mr. Bassmann made a motion that any donations of guns or artifacts to the J. M. Davis Gun Museum be accepted only on the basis of becoming a part of the original J.M. Davis Gun Collection of artifacts, seconded by Mrs. Lantow, motion carried." Minutes of the J.M. Davis Memorial Commission at its Meeting, Nov. 13, 1975.
[5] Other questions presented in the Opinion were whether the Commission may lease, trade, or exchange items from the Collection, and whether items obtained with proceeds of the exchange of Collection items belonged to the State of Oklahoma or the Foundation. Opinion 76-171 advised that the terms of the lease allowed the Commission to lease, trade or exchange items from the Collection with the written consent of the Foundation. The Opinion further advised that items obtained from the proceeds of exchange of Collection items remained the property of the Foundation.
[6] See n. 4 (emphasis added).
[7] A gift is defined as a "`gratuitous [transfer] of the property of the state voluntarily and without consideration.'" Children's Home Welfare Ass'n v. Childers, 171 P.2d 613, 614 (Okla. 1946) (citation omitted).
[8] "`Surplus property' means items, commodities, materials, supplies or equipment a state agency owns and determines to be excess, obsolete, antiquated, unused or not needed[.]" 74 O.S. Supp.2007, § 62.2(2).
[9] "Lessee [Commission] agrees that it will not at anytime make sale nor assign any part of the collection herein leased without full consent and authorization of Lessor [Foundation], in writing." Ninety-Nine Year Lease Agreement, ¶ 5.
[10] See n. 5. *Page 1